UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

HOME-OWNERS INSURANCE COMPANY,

    Plaintiff,

Case No.:
Hon.:

- v -

HERBERT BOXER and MARIAN BOXER,

    Defendants.

---

MARC D. McDONALD (P67484)
RANDI M. DAVIS (P77531)
NOVARA TESIJA CATENACCI
McDONALD & BAAS, PLLC
Attorneys for Plaintiff, Home-Owners
888 West Big Beaver Road, Suite 600
Troy, MI 48084
(248) 354-0380 // Fax (248) 354-0393
mdm@novaralaw.com
rmd@novaralaw.com

---

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, HOME-OWNERS INSURANCE COMPANY, by and through its attorneys, NOVARA TESIJA CATENACCI McDONALD & BAAS, PLLC, and for its Complaint for Declaratory Judgment states as follows:

### INTRODUCTORY STATEMENT

1.    This is an action for declaratory judgment against Defendants, Herbert Boxer and Marian Boxer, filed by Home-Owners Insurance Company, as Defendants

{3040668}

continue to seek payment of personal protection insurance benefits allegedly incurred as the result of a July 22, 2019 motor vehicle accident.

2. Under Section 3113 and Section 3163 of the Michigan No-Fault Act, Defendants are not entitled to personal protection insurance benefits for injuries sustained in the July 22, 2019 motor vehicle accident, as they were not residents of the State of Michigan and did not own a motor vehicle registered and insured in the State of Michigan.

3. Likewise, Plaintiff is not liable for payment of personal protection insurance benefits to or on behalf of Defendants incurred as the result of any injuries sustained in the July 22, 2019 motor vehicle accident and entitled to declaratory judgment.

**PARTIES, JURISDICTION, AND VENUE**

4. Plaintiff reasserts and realleges paragraphs 1-3 as if fully restated herein.

5. Plaintiff, Home-Owners Insurance Company, is a legal corporate entity organized under the laws of the State of Michigan. Plaintiff's principal place of business is in Lansing, Michigan, which is in the Western District.

6. Plaintiff is a property and casualty insurer that provides no-fault insurance coverage throughout the State of Michigan.

7. Defendant, Herbert Boxer, is an individual who resides in Colorado Springs, Colorado.

8. Defendant, Marian Boxer, is an individual who resides in Colorado Springs, Colorado.

9. Defendants, Herbert Boxer and Marian Boxer, were involved in a motor vehicle accident on July 22, 2019 in Suttons Bay Township, Michigan.

10. Defendants made, and continue to pursue, claims for personal protection insurance benefits from Plaintiff as the result of their involvement in the July 22, 2019 motor vehicle accident.

11. To date, Plaintiff has made payments for personal protection insurance benefits to or on behalf of Defendants, Herbert Boxer and Marian Boxer in the amount that exceeds $75,000.00.

12. A case of actual controversy exists and is within this Court's jurisdiction, as the Court would have jurisdiction on the claim in which Plaintiff sought relief other than a declaratory judgment.

13. Thus, jurisdiction and venue are proper with this Court pursuant to 28 USC § 1332 and 28 USC § 2201.

## COUNT I – DECLARATORY JUDGMENT

14. Plaintiff reasserts and realleges paragraphs 1-13 as if fully restated herein.

15. The recent reforms to the Michigan No-Fault Act, which substantively changed the coverage and priority provisions at issue in this matter, went into effect on June 11, 2019.

16. Thereafter, and on September 20, 2019, the Michigan Department of Insurance and Financial Services ("DIFS") issued Order No. 19-048-M (hereinafter the "DIFS Order") which precluded no-fault insurers, such as Home-Owners, from incorporating the reforms to the Michigan No-Fault Act that changed the scope of coverage and priority without having first submitted revised forms and rates to DIFS for review and approval. **(Exhibit A).**

17. Defendants were involved in a motor vehicle accident within the State of Michigan on July 22, 2019.

18. At the time of the July 22, 2019 motor vehicle accident, Defendants were residents of Colorado.

19. At the time of the July 22, 2019 motor vehicle accident, Defendants were not residents of the State of Michigan.

20. At the time of the July 22, 2019 motor vehicle accident, Defendants did not own a motor vehicle that was registered or insured in the State of Michigan.

21. Defendants were the passengers or occupants of a motor vehicle insured by Home-Owners at the time of the July 22, 2019 motor vehicle accident.

Novara Tesija Catenacci McDonald & Baas, PLLC

22. The pre-reform language of the Michigan No-Fault Act generally provided personal protection insurance benefits to out-of-state residents. MCL 500.3163(1), as amended by 2002 PA 697 (effective Mar. 31, 2003).

23. The pre-reform language of the Michigan No-Fault Act provided, subject to several exceptions, that a person who suffered injury as an occupant of a motor vehicle shall claim personal protection insurance benefits from the insurer of the owner or registrant of the vehicle occupied. MCL 500.3114(4), as amended by 2016 PA 347 (effective Mar. 21, 2017).

24. On December 12, 2019, based on the DIFS Order, the former MCL 500.3163(1), and the former MCL 500.3114(4), Plaintiff issued a reservation of rights letter to Defendants indicating coverage would be granted as required by the DIFS Order and if the Order was reversed, Defendants may no longer have coverage available under Plaintiff's policy. **(Exhibit B).**

25. On July 20, 2021, DIFS issued a memorandum rescinding the DIFS Order, which made the post-reform statutory language governing coverage and priority effective and applicable to any motor vehicle accidents that occurred on or after June 11, 2019. **(Exhibit C).**

26. The language of MCL 500.3114(4) applicable to the July 22, 2019 motor vehicle accident provides that, subject to several exceptions, that a person who suffered injury in a motor vehicle accident as an occupant of a motor vehicle

Novara Tesija Catenacci McDonald & Baas, PLLC

shall claim personal protection insurance benefits from the Michigan assigned claims plan. MCL 500.3114(4).

27. As Defendants suffered injury in a motor vehicle accident as an occupant of a motor vehicle not covered under a no-fault policy of insurance defined in subsection (1) of MCL 500.3114 at the time of the July 22, 2019 motor vehicle accident, Defendants are not entitled to personal protection insurance benefits from Plaintiff, Home-Owners.

28. Defendants are not entitled to personal protection insurance benefits from any other source.

29. The language of MCL 500.3113(c) and MCL 500.3163 applicable to the July 22, 2019 motor vehicle accident provides that out-of-state residents, unless the out-of-state resident owned and insured a vehicle within the State of Michigan, are not entitled to personal protection insurance benefits.

30. As Defendants were out-of-state residents and did not own and insure a vehicle within the State of Michigan at the time of the July 22, 2019 motor vehicle accident, Defendants are not entitled to personal protection insurance benefits.

31. Plaintiff is not liable for payment of personal protection insurance benefits to or on behalf of Defendant Herbert Boxer for injuries allegedly sustained in the July 22, 2019 motor vehicle accident.

32. Defendant Herbert Boxer continues to pursue personal protection insurance benefits from Plaintiff without entitlement.

33. Plaintiff is entitled to judgment declaring that Defendant Herbert Boxer is not entitled to personal protection insurance benefits from Plaintiff, Home-Owners Insurance Company, incurred as the result of injuries sustained in the July 22, 2019 motor vehicle accident.

34. Plaintiff is not liable for payment of personal protection insurance benefits to or on behalf of Defendant Marian Boxer for injuries allegedly sustained in the July 22, 2019 motor vehicle accident.

35. Defendant Marian Boxer continues to pursue personal protection insurance benefits from Plaintiff without entitlement.

36. Plaintiff is entitled to judgment declaring that Defendant Marian Boxer is not entitled to personal protection insurance benefits from Plaintiff, Home-Owners Insurance Company, incurred as the result of injuries sustained in the July 22, 2019 motor vehicle accident.

### RELIEF REQUESTED

WHEREFORE, Plaintiff, HOME-OWNERS INSURANCE COMPANY, respectfully requests this Honorable Court grant the following relief:

(a) a judgment declaring that Defendant Herbert Boxer is not entitled to personal protection insurance benefits from Plaintiff, Home-Owners Insurance Company, incurred as the result of injuries sustained in the July 22, 2019 motor vehicle accident;

(b)   a judgment declaring that Defendant Marian Boxer is not entitled to personal protection insurance benefits from Plaintiff, Home-Owners Insurance Company, incurred as the result of injuries sustained in the July 22, 2019 motor vehicle accident; and

(c)   any further relief the Court deems appropriate under the facts and circumstances in this matter.

Respectfully submitted,

NOVARA TESIJA CATENACCI
McDONALD & BAAS, PLLC

  /s/ Marc D. McDonald
MARC D. McDONALD (P67484)
RANDI M. DAVIS (P77531)
Attorneys for Plaintiff, Home-Owners
888 West Big Beaver Road, Suite 600
Troy, MI 48084
(248) 354-0380 // Fax (248) 354-0393
mdm@novaralaw.com
rmd@novaralaw.com

Dated: February 1, 2022